# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CRYSTAL BROOKS, | DOCKET NUMBER |
| Appellant, | SF-315H-16-0362-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: September 19, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Crystal Brooks</u>, Long Beach, California, pro se.

<u>Maureen Ney</u>, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The agency terminated the appellant from her position as a part-time Food Service Worker for being absent without leave on multiple occasions during her probationary period. Initial Appeal File (IAF), Tab 7 at 59. In the termination letter, the agency specified that the appellant received a counseling letter on October 27, 2015, for being absent without leave and/or tardy seven times in September. *Id*. The agency further specified that the appellant had 19 other absences without leave, including tardiness, from December 2, 2015, through February 28, 2016. *Id*. The appellant's career-conditional appointment was subject to completing a 1-year probationary period beginning on May 17, 2015, and the agency terminated her on March 17, 2016, before she completed her probationary period. *Id*. at 59-61, 85.

¶3      The appellant filed an appeal with the Board alleging that the agency retaliated against her for contacting the union, the Occupational Safety & Health Administration (OSHA), her congressman, and the equal employment opportunity office, about how she was treated in her department. IAF, Tab 1 at 5. On her appeal form, the appellant stated that she filed a whistleblowing complaint with the Office of Special Counsel (OSC) in February 2016, which was before the

agency removed her. IAF, Tab 4. The appellant indicated that she had not received a decision from OSC or notification that OSC had terminated its investigation. *Id.*

¶4        In an acknowledgment order, the administrative judge notified the appellant that the Board might not have jurisdiction over her appeal because, as a probationary employee, she had limited Board appeal rights. IAF, Tab 2 at 2. The administrative judge informed the appellant of the criteria for establishing jurisdiction over a probationary termination appeal under chapter 75 and under 5 C.F.R. §§ 315.805 or 315.806 and ordered her to file evidence or argument to establish why her appeal should not be dismissed for lack of jurisdiction. IAF, Tab 2 at 2-5. In response, the appellant submitted approximately 390 pages of documents and argued that the agency committed prohibited personnel practices and retaliated against her for her protected activity. IAF, Tabs 6-9.

¶5        The agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 4. In the motion, the agency argued that the appellant failed to nonfrivolously allege jurisdiction. *Id*. at 10. Based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to address any of the criteria set forth in the acknowledgment order to establish that the Board had jurisdiction over her appeal. IAF, Tab 10, Initial Decision (ID) at 4. Specifically, he found that the appellant made no allegation that she was not a probationary employee, that her termination was for pre-employment reasons, or that her termination was based on marital status discrimination or for partisan political reasons. *Id*.

¶6        The administrative judge further found that the appellant may have filed a request for corrective action with OSC on February 1, 2016, but her request did not pertain to her subsequent termination on March 17, 2016. ID at 3-4 & n.1; IAF, Tab 1 at 4; Tab 7 at 49-52. The administrative judge noted that it was unclear whether the appellant actually submitted her online whistleblower complaint to OSC because he found no indication that her complaint was on an

OSC form, and the form that she used asked how she "became aware a complaint could be filed with OSHA."[2]  ID at 4 n.1; IAF, Tab 8 at 45-47.  The administrative judge also informed the appellant that, if she filed a request for corrective action with OSC concerning her probationary termination, she could file an individual right of action (IRA) appeal with the Board no later than 65 days after the date of OSC's written notification that it has terminated its investigation of her allegations, or 120 days after she filed her complaint with OSC, if OSC failed to notify her that it terminated its investigation of her allegations and closed her case or that it decided to seek corrective action on her behalf.[3]  ID at 4 n.1; 5 U.S.C. § 1214(a)(3); 5 C.F.R. § 1209.5(a).

¶7      The appellant filed a timely petition for review and requested a hearing, arguing in pertinent part that the administrative judge failed to address her claim that the agency terminated her for pre-appointment reasons.  Petition for Review (PFR) File, Tab 1 at 4.  The agency has not responded to the appellant's petition for review.

¶8      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems*

---

[2] The appellant described her "Whistleblower Online Complaint" as a February 2, 2016 OSHA Report in the table of contents for her appeal file.  IAF, Tab 7 at 8, 48-49.

[3] On review, the appellant resubmits pages from her jurisdictional response on appeal alleging that the agency committed prohibited personnel practices and retaliated against her for engaging in protected activity.  PFR File, Tab 1 at 9-15; IAF, Tab 8 at 9-15.  As the administrative judge informed the appellant, even though the Board lacks jurisdiction to review her termination as an otherwise appealable action, the appellant may request review of her probationary termination in an IRA appeal under the Whistleblower Protection Enhancement Act.  ID at 4; *see* 5 U.S.C. § 1221; *Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶¶ 2, 4 (2014).  The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that:  (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014).

*Protection Board*, [759 F.2d 9](#), 10 (Fed. Cir. 1985).  An appellant bears the burden of proving that the Board has jurisdiction over her appeal.  [5 C.F.R. § 1201.56](#)(a)(2)(i).  If the appellant makes a nonfrivolous allegation of fact that, if proven, would establish the Board's jurisdiction, then she is entitled to a hearing at which she must prove jurisdiction.  *Williams v. Department of Defense*, [76 M.S.P.R. 270](#), 273 (1997).

¶9    To qualify as an "employee" with appeal rights under 5 U.S.C. chapter 75, an individual in the competitive service, like the appellant, must show that she either is not serving a probationary period or has completed 1 year of current continuous service under an appointment other than a temporary one limited to a year or less.  [5 U.S.C. § 7511](#)(a)(1)(A); *see McCormick v. Department of the Air Force*, [307 F.3d 1339](#), 1341-43 (Fed. Cir. 2002); *Baggan v. Department of State*, [109 M.S.P.R. 572](#), ¶ 5 (2008).  Alternatively, an employee can show that, while she may be a probationer, she is an "employee" with chapter 75 appeal rights because, immediately preceding the adverse action, she had completed at least 1 year of current continuous service in the competitive service without a break in Federal civilian employment of a workday.  *Ellefson v. Department of the Army*, [98 M.S.P.R. 191](#), ¶ 14 (2005).  On review, the appellant does not dispute the administrative judge's findings that:  (1) she was terminated during her 1-year probationary period; (2) she did not allege that her termination was based on marital status or partisan political reasons; and (3) she has not exhausted her administrative remedies with OSC concerning her termination.  ID at 4.  We therefore see no basis to disturb those findings.

¶10   The appellant argues on review that the administrative judge failed to consider her allegation that she was terminated for pre-appointment reasons in violation of [5 C.F.R. § 315.805](#).  PFR File, Tab 1 at 4-5.  The basis of her allegation appears to be that on the day the agency presented her with her termination letter, it required her to take leave for the remainder of the day because she refused to work and her termination was not effective until 2 days

later.  *Id*. at 13; IAF, Tab 9 at 10.  The administrative judge did not acknowledge this allegation in his initial decision.  ID at 4.  However, we find that this allegation is not a nonfrivolous allegation that the appellant was terminated for pre‑appointment reasons because it concerns an event arising after her appointment.  *See LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 7 (2016) (observing that a probationary employee whose termination was based in whole or in part on conditions arising before his appointment may appeal his termination to the Board).  Because the appellant has not shown that the administrative judge's alleged error was prejudicial to her substantive rights, we find no basis for reversing the initial decision dismissing her appeal for lack of jurisdiction based on the written record.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶11    Finally, the appellant argues on review that she was unable to obtain legal representation, that the administrative judge's paralegal favored the agency, and that the agency intentionally failed to include her veteran's status on the "checkout" documents in processing her termination.  PFR File, Tab 1 at 5.  The appellant's arguments present no basis for finding jurisdiction over her appeal.  Accordingly, we discern no basis to disturb the initial decision dismissing this probationary termination appeal for failure to make a nonfrivolous allegation of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[4]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff.

---

[4] The initial decision did not afford the appellant notice of appeal rights under the Whistleblower Protection Enhancement Act of 2012.  We have provided notice of such appeal rights herein.

Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.